UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § | Criminal No. 14-CR-00083-DBH |
| § | |
| F. WILLIAM MESSIER and § | |
| DAVID EVERETT ROBINSON. § | |

**DEFENDANT F. WILLIAM MESSIER'S
MOTION FOR SEVERANCE OF DEFENDANTS**

Comes now Defendant F. William Messier, by and through undersigned counsel, and requests that his case be severed from the case of Defendant David Everett Robinson, pursuant to Federal Rule of Criminal Procedure 14(a).

**FACTS**

The Indictment in this case charges Defendants Messier and Robinson with conspiracy to defraud by impeding the IRS under 18 U.S.C. § 371 (Count Two). (*See* Doc. 18-1.) The Indictment charges Messier with corruptly endeavoring to impede administration of the tax laws under 26 U.S.C. § 7212(a) (Count One) and failure to file income tax returns under 26 U.S.C. § 7203 (Counts Three-Seven). (*See id.*)

Defendant Robinson has filed numerous documents with the Court, both while he was represented by counsel and after he dismissed his attorney and proceeded *pro se*. (*See* Doc. 41, Letter of Dismissal of Attorney Joel Vincent of 10/20/14.) These documents include an August 29, 2014 letter addressed to the Clerk of this Court from Robinson signing as "Private Attorney General" of the "Office of the Private Attorney General of the Independent Maine Republic Free State Trust," in which Robinson apparently returned to the Clerk the Indictment against him and Messier. (Doc. 44.) While this letter was signed only by Robinson, it referred repeatedly to Messier, making

such assertions as, "If it was your intention to address this correspondence to the living man david everett robinson and the living man francis william messier it is obviously a mistake and incomplete, as there is no **compliance and extradition order** allowing you to address living inhabitants of a foreign state.…" (*Id.* at 1 (style and emphasis in original).)

Similarly, an October 30, 2014 Motion to Dismiss was filed by Robinson "and in behalf of" Messier; in this document Robinson asserted that he was unreasonably seized of his piece of mind by the Indictment, that the court has no jurisdiction over Defendants, and that the "infected case" should "be dismissed for **targeted prosecution** of **outspokenness** and **defective process**." (Doc. 50.) The "Motion to Dismiss" is to be distinguished from the "Continued Motion to Dismiss" that Robinson filed on his sole behalf on November 3, 2014 (Doc. 51), in which he made such statements and arguments that the IRS is not an organization within the U.S. Department of the Treasury (*id.* at 1), that the IRS has no jurisdiction in any of the 50 states (*id.* at 2), that a person can be a citizen of a state without being a federal citizen (*id.* at 6), and that federal grand juries cannot issue valid indictments against illegal tax protestors (*id.* at 13). In total, Robinson filed over 13 documents with the Court between October 27 and November 12, 2014—which filings were then followed on the afternoon of November 12 by his return to attorney representation by Attorney Joel Vincent. (Doc. 71.)

Defendant Messier is represented by counsel. His defense will likely concede a tax debt due and owing and will likely be based on advice he was given, his state of mind, and his subjective beliefs—which defense will irreconcilably conflict with Robinson's defense that he is not a taxpayer.

Defendant Messier suffers from a delusion that he is a sovereign citizen[1], and therefore his interpretation of his tax duties are correct.

## DISCUSSION AND ARGUMENT

Robinson has the legal right to file motions on his own behalf. He does not however, have the right to file motions on the behalf of Defendant Messier. The Court reviewed Robinson's motion and *sua sponte* made that determination, which was the proper ruling and helpful. (*See* Doc 49.) It did not, however, speak to the numerous, obvious prejudices caused to Messier by the defense strategy of Robinson. In order to protect Messier's right to a fair trial, the Court must sever Messier's trial from that of the co-Defendant, Robinson.

The issue of severance of defendants in a criminal trial involves the interaction between Federal Rules of Criminal Procedure 8 and 14. Rule 8 provides for joinder of offenses or defendants. Rule 14 provides, "**Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

The proper analysis for whether a severance of defendants is required is a two-step process. First, it must be determined if the requirements for joinder under Federal Rule of Criminal Procedure 8(b) were met. The failure to meet the requirements for joinder under Rule 8(b) constitutes misjoinder as a matter of law, such that severance is mandatory. *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982). Only if

---

[1] Counsel has notified the government that psychiatric testimony will support this. The Government has indicated it may or may not seek to utilize its own expert and ask the Defendant to be examined.

joinder is proper does the prejudice test of Rule 14(a) come into play. *Id.* at 440. "The First Circuit has stated that the 'default rule is that defendants who are indicted together should be tried together,'" although the rule is subject to exceptions. *United States v. Pelletier*, 490 F. Supp. 2d 17 (D. Me. 2007) (quoting *United States v. Molina*, 407 F.3d 511, 531 (1st Cir. 2005), and granting severance to one defendant because trial with his co-defendants would cause him prejudice). The narrow question in a case in which severance is at issue is whether the defendant would be prejudiced from a joint trial with the co-defendant from whom severance is sought, and, if so, whether that prejudice requires a severance. *United States v. Swan*, No. 1:12-cr-00027-JAW, 2013 WL 3422022, at *4 (D. Me. Jul. 8, 2013) (concluding that the potential prejudice to one defendant was so severe that granting his motion to sever was required). In this case, joinder was proper under Rule 8(b), but severance should be granted under Rule 14(a) due to substantial prejudice Defendant Messier will suffer in a joint trial in this case.

The decision whether to grant a motion for severance is largely in the trial court's sound discretion, *United States v. Magana*, 127 F.3d 1, 7 (1st Cir. 1997); *United States v. Flores-Rivera,* 56 F.3d 319, 325 (1st Cir. 1995), and "[t]he exercise of that discretion will be condemned only where it deprives a defendant of a fair trial, resulting in a miscarriage of justice," *Magana*, 127 F.3d at 7. This discretion notwithstanding, the Supreme Court has long mandated that "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Schaffer v. United States*, 362 U.S. 511, 516 (1960). When it becomes apparent that a fair trial cannot be had in a joint trial with a co-defendant, the trial court abuses its discretion by failing to grant a severance. *United*

States v. Johnson, 478 F.2d 1129, 1131 (5th Cir. 1973). Whether to sever is a fact-specific inquiry. *Swan*, 2013 WL 3422022, at *5.

Thus, the court will sever the trial of defendant when the jury would necessarily hear prejudicial evidence that would be inadmissible if the defendants were tried separately. *Id.* at *4. In the case at bar we are dealing with culpability questions, "willfulness," the state of mind of the accused, and reliance on self-proclaimed tax experts. Unfortunately, Messier was ill advised. If Messier believed he was following the law he is innocent of criminal conduct.

Messier has a legitimate reason to explain to the jury what he believed and what he relied on in reaching his belief – which was in large part the teachings of his co-defendant Robinson. Robinson's pleadings indicate he will argue the legitimacy of his position. The court will inevitably instruct the jury that Robinson's positions are not legitimate. This will confuse the jurors. The inconsistent instructions on inconsistent defense theories will diminish Messier's legitimate defense that he sincerely believed Robinson's position. Robinson's legal position is diametrically opposed to Messier's. The distinction in a joint trail will be confusing to a jury when counsel for Messier likely renounces Robinson's actual position.

The Court will instruct the jury that Robinson's position is no defense, and the jury will not be able to distinguish between the legitimate defense and a failed legal argument. The result will be a guaranteed conviction. While courts must be concerned about the greater expense, time, and resources involved in separate trials, "where the basic fairness of the trial is at issue, the … right to a fair trial must trump the extra expense." *Id.* at *5. In *Swan*, the court reasoned that if the jury were to hear certain

evidence against the moving defendant, there would have been "the risk that they would convict him not because he committed the charged crimes of federal criminal fraud but because they believe he committed [other] uncharged crimes … or at least that their ability to judge him fairly on the merits would be compromised." *Id.* at *4. The same risk is present here.

In *Johnson*, the court of appeals reversed the defendant's conviction based on the trial court's failure to grant a severance from the co-defendant. Johnson's counsel had moved for severance both prior to trial and after closing statements, arguing that the co-defendant's theory of defense was so incriminating and antagonistic to Johnson so as to prejudice Johnson's right to a fair trial. As the trial progressed it became clear that the affirmative prejudice to Johnson of defending himself at a joint trial with the co-defendant outweighed any potential disruption in the judicial process that would result from having separate trials. 478 F.2d at 1134. Johnson's conviction was reversed. *Id.*

The *Johnson* court referenced the earlier case of *Schaffer v. United States*, 221 F.2d 17 (5th Cir. 1955), in which the appellate court likewise concluded that denial of a severance was an abuse of discretion, where the co-defendant's testimony "clearly prejudiced [the defendant] in the eyes of the jury," and under the facts "the two defendants were so inseparably connected that the jury could hardly have been expected to return a verdict of guilty against one and of not guilty as to the other." *Id.* at 19. And, in *Schaffer* as in *Johnson*, the practicalities of the situation also supported severance: "There being only two defendants, it would not be very time consuming but entirely practicable to accord them separate trials." *Schaffer*, 221 F.2d at 19. In the case before

this Court, each side estimates two days for its respective case, so two trials will not be very time consuming.

But severance on the ground of conflicting defenses is warranted when the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty. *United States v. Davis*, 623 F.2d 188, 194-95 (1st Cir. 1980). *See United States v. Kelly*, 349 F.2d 720, 756-57 (2d Cir. 1965) (court should grant severance when it cannot protect the defendant against an accumulation of evidence against co-defendant but inapplicable to that defendant, such as with clear jury instructions that the proofs against one were different than proofs against the other). This is particularly apt in a conspiracy case; the *Kelly* court reached even farther back to the early Supreme Court case of *Blumenthal v. United States*, 332 U.S. 539, 559-60 (1947):

> The classic rule to be applied in these joint conspiracy trials was stated by Mr. Justice Rutledge in *Blumenthal v. United States*, … to the effect that each defendant is to be protected and the obvious dangers to each minimized by "clear rulings on admissibility, limitations of the bearing of evidence as against particular individuals, and adequate instructions," and, he added, "It is therefore extremely important that those safeguards be made as impregnable as possible."

*Kelly*, 349 F.2d at 756. The *Kelly* court reversed the defendant's conviction, reasoning that the two co-defendants, after the government's "volume of proof" against them, had to have been "stamped … in the eyes of the jurors as unscrupulous swindlers of the first rank. *That some of this rubbed off on [the defendant] we cannot doubt*." *Id.* at 758-59 (emphasis added). As the court in *United States v. McRae* reasoned:

> [I]n Warren's trial, there was no evidence that he acted dishonestly or was in any way associated with the acts of his co-defendant officers in obstructing justice and covering-up evidence. He was not charged with the alleged obstruction and cover-up crimes, but still he was required to sit before the jury while the emotion-charged testimony was unveiled to the jury and to hear his name bandied around the fringes of those offenses.…

*United States v. McRae*, 702 F.3d 806, 824 (5th Cir. 2012) (holding that one defendant was entitled to reversal because the refusal to sever caused him compelling prejudice; the defendant did not receive a fair trial because the charge against him "was only tangentially relevant to" the obstruction and cover-up crimes of his co-defendants, and very little of the evidence relating to those other charges was usable against the defendant), *cert. denied*, 133 S. Ct. 2037 (2013). In the present case, if Defendants are tried jointly, the jurors will simply conclude, based on Robinson's evidence, that both Defendants are wrong on the law and therefore corrupt. But the reality is that Messier's defense that his sincere, subjective belief was that he was following the law is exculpatory under Title 26.

An important part of a fair trial is that a jury considers only relevant and competent evidence bearing on the issue of guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). *See Kelly*, 349 F.2d at 758 (concluding that where "[p]age after page of the testimony of [the two co-defendants] excoriated [the defendant] for his fraudulent misrepresentations," there was "no amount of cautionary instructions [that] could have undone the harm to [the defendant]"). As stated, Defendant Robinson has already filed multiple, so-called "Motions to Dismiss" (*see* Docs. 50, 51) among other frivolous filings. Robinson's first Motion to Dismiss was filed on behalf of himself and co-Defendant Messier, without the consent or knowledge of Messier, who has at all times in this case been represented by counsel. Messier does not want to proceed *pro se*, or to be unwillingly represented by Robinson, who has no legal training.

Robinson will continue with these frivolous arguments notwithstanding that Attorney Vincent now has been re-appointed as Robinson's counsel. (Doc. 71.) These

frivolous arguments will prevent the jury from hearing competent evidence, will prejudice Messier, and will compromise a specific trial right of Defendant Messier—a trial right that cannot be cured by a limiting instruction. *Pro se* or not, a co-defendant's "bizarre" behavior has been found sufficiently prejudicial to a defendant to warrant severance. In this District, the judge in *United States v. Davis*, No. CR0443BW01, 2005 WL 1877159 (D. Me. Aug. 5, 2005), found, based on the court's own "observations and knowledge," that there was "a significant risk [the co-defendant's] determination to present a defense consistent with his world view could affect the jury's ability to make 'a reliable judgment' about Mr. Davis's guilt or innocence." *Id.*, 2005 WL 1877159, at *1. The court did not reach the decision to sever lightly. It recognized the government's numerous objections based on "the conservation of judicial and prosecutorial resources, the need to avoid inconsistent verdicts, the absence of a strong showing of prejudice, and the availability of means by which any prejudice can be minimized or avoided." *Id.* Yet the judge had had opportunity to assess the co-defendant's behavior; the court in *Davis* therefore found severance appropriate. *Id.*

The Court has likewise had the opportunity to assess Robinson's behavior. Based on Robinson's frivolous filings, it is clear that he will put on a frivolous defense. Defendant Messier will not. The conflicting defenses are so irreconcilable that the jury would infer that the conflict alone demonstrates that both are guilty.

The positions advocated by his co-Defendant to this Court will guarantee his conviction, which is of course his constitutional right—but they will also guarantee the conviction of Defendant Messier, which violates his constitutional right to a fair trial.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Messier's Motion for Severance of Defendants.

Respectfully submitted on January 8, 2015.

/s/ Michael Louis Minns
Michael Louis Minns
Ashley Blair Arnett
MICHAEL LOUIS MINNS, P.L.C.
9119 S. Gessner, Suite One
Houston, TX  77074
Tel.: (713) 777-0772
Fax: (713) 777-0453
Email:  mike@minnslaw.com
        ashley@minnslaw.com

William D. Maselli
98 Washington Avenue
Portland, ME  04101
Tel.: (207)-780-8400
Fax:  (207) 879-2619
Email:  maselli@securespeed.net

Attorneys for Defendant F. William Messier

## CERTIFICATE OF SERVICE

On January 8, 2015, I, Ashley Blair Arnett, attorney for the Defendant F. William Messier, filed this Motion with the United States District Court for the District of Maine electronic filing system.  Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon the parties upon its submission to the Court.

/s/ Ashley Blair Arnett
Ashley Blair Arnett
Attorney for Defendant F. William Messier