UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. 14-CR-00083-DBH |
| F. WILLIAM MESSIER and DAVID EVERETT ROBINSON | § § § | |

TRIAL BRIEF

Defendant F. William Messier ("Defendant" or "Messier"), by and through his counsel of record, respectfully submits this Trial Brief. Defendant's Trial Brief is based upon the pleadings, files, and records of this case and has been filed pursuant to Local Rule 157.2 of the United States District Court for the District of Maine.

I. **STATUS OF THE CASE**

March 2, 2015: Jury selection

March 18, 2015: Hearing on Government's Motion in Limine to Exclude Defendant Messier's Expert Witness Testimony

March 30, 2015: Commencement of jury trial

April 3, 2015: Conclusion of trial

II. **STATEMENT OF THE CASE**

The Government alleges that William Messier willfully failed to file tax returns for tax years 2008-2012, corruptly endeavored to impede the administration of the tax laws, and conspired with co-Defendant David Everett Robinson, to defraud the Internal Revenue Service ("IRS") by impeding the IRS.

This Brief will address the following issues:

A. Defendant's Expert Witness, Dr. Voss

B. Corrupt Endeavor charge

C. Evidentiary issues that might arise at trial

D. Peremptory strikes

E. Defense theory

F. Potential stipulations

G. Jury instructions

**A.     Dr. VOSS**

Pursuant to Rule 702 of the Federal Rules of Evidence, Defendant has retained an expert witness, Dr. Carlyle Voss, to analyze Messier, diagnose his mental disorders, and testify about his mental state. Dr. Voss has prepared an Expert Report after two extensive interviews with Messier. (*See* Expert Report of Carlyle Voss, M.D. of 02/10/15.) He has diagnosed Messier with: "1. Delusional Disorder, non-bizarre type, chronic.  2.  Personality Traits of Obsessive Compulsive Type." (*See id.* at 17.) Dr. Voss will testify for the defense that Messier has a chronic delusional disorder, and he will explain the *Diagnostic and Statistical Manual of Mental Disorders*, Fifth Edition ("DSM-5") and its applicability.

The Government has objected to the use of this expert witness. A response by Defendant to the Government's Motion in Limine to Exclude Defendant

Messier's Expert Witness Testimony of 02/18/15 has been ordered to be filed by March 11, 2015.

For purposes of this Trial Brief, Defendant submits that psychiatrists are routinely called in criminal cases nationwide for issues similar to those in the case at bar. *See, e.g.*, *United States v. Gonzalez-Maldonado*, 115 F.3d 9, 17 (1st Cir. 1997) (district court erred in refusing to allow defendant's psychiatrist expert to testify); *United States v. Meader*, 914 F. Supp. 656, 659 (D. Me. 1996) (concluding that although expert would not be allowed to testify about whether defendant could appreciate the nature and quality or wrongfulness of his acts, that did not prevent him from testifying that the defendant had a mental disease or defect). The Government's objections are meritless.

### B.  CORRUPT ENDEAVOR CHARGE

In the days of *Murdock* (*United States v. Murdock*, 290 U.S. 389 (1933)), a failure to file was a failure to file. The government judicially expanded the misdemeanor crime of failure to file to a felony in most circuits, if it was accompanied by a commission, by arguing successfully that failure to file was a crime of omission. An act of commission, for example filing a false W-2 Form (another misdemeanor), allowed the government to expand the crime to the felony of tax evasion.

The Government is now attempting to accomplish another judicial expansion under the corrupt endeavor statute. This time the leap is farther. Previously, the felony of corrupt endeavor required very aggressive actions, often

violence or the threat of violence against IRS or other government agents directly. The new genesis requires only potentially lawful civil efforts to lawfully contest tax issues. There are pending cases in other jurisdictions (*see, e.g.*, *United States v. Sorensen*, 13-CR-00477-RM (D. Colo.)), where courts are examining this new threshold. These cases may prove that the Government's theory of corrupt endeavor is overly ambitious. It may ultimately fail. But until all circuits have weighed in on the issue, the Government's Indictment on this ground invites the Court into uncertain waters and potential error.

If Messier and/or any of his confederates take civil actions, for example attempting to defeat a lien, regardless of how ill-advised or frivolous the action may be, it should not constitute the foundation for a felony indictment. Congress chose not to criminalize tax evasion and false tax filings or non-filings absent knowledge of illegality as "corrupt" under § 7212(a). Section 7121(a) must be construed in light of its surrounding positions. *See United States v. Williams*, 644 F.2d 696, 700 (8th Cir. 1981), *superseded on other grounds as stated in United States v. Brooks*, 174 F.3d 950, 956 (8th Cir. 1999). And, of course, Congress criminalized tax evasion, filing false tax returns, and not filing required forms, only when the taxpayer acted willfully. 26 U.S.C. §§ 7201, 7203, 7206. The Court should apply § 7212(a) as requiring knowledge of illegality where the allegedly obstructive acts are criminal under specific Title 26 provisions only if done willfully.

Indeed, the Indictment violates the prohibition against multiplicitous prosecutions, which derives from the Double Jeopardy Clause. A defendant may not be punished multiple times for the same offense; and the right protected by the Double Jeopardy Clause extends to a prohibition against multiplicitous prosecution. *United States v. Chiaradio*, 684 F.3d 265, 272 (1st Cir. 2012). "A prosecution is multiplicitous when the government charges a defendant twice for what is essentially a single crime; for example, when a felon has violated 18 U.S.C. § 922(g) by possessing a firearm, it would be multiplicitous to charge the felon with two counts simply because he had it yesterday and today. *Id.* at 272.

Count One and Count Two are nearly the same allegations. Count One charges Messier with Corruptly endeavoring to impede administration of the tax laws under 26 U.S.C. § 7212(a); Count Two charges Defendant with Conspiracy to defraud by impeding the IRS, under 18 U.S.C. § 371. (*See* Doc. 3-2.) The two felony counts overlap. Both counts rely on the following duplicate acts: (1) Sending a "worthless" money order in the amount of $172,094.42 (Count One paras. a, b and c, and Count Two para. f); (2) Sending correspondence to Messier's customers urging them not to comply with the IRS Notice of Levy (Count One para. e, and Count Two para. e); (3) Sending correspondence to his customers to convince them to stop issuing Forms 1099 and not comply with the Notice of Levy (Count One para. g, and Count Two para. i); and (4) Sending a worthless money order to local law enforcement to open a criminal investigation (Count One paras. h and i, and Count Two para. k). The purpose appears to be to justify bringing

Robinson in as a Defendant in a failure-to-file case for the conspiracy charge. For the corrupt endeavor charge, the purpose appears to be to elevate failure to file misdemeanors to a felony.

The Fifth Amendment abhors two trials over the same facts. Congressional intent on the corrupt endeavor statute shows an intention to stop threats against public officials trying to do their jobs, not to criminalize frivolous tax defense efforts. The civil statutes take care of that. Sanctions can be levied.

This case is essentially a failure to-file-case, escalated to both bring in Robinson and raise the stakes for Messier to a felony, with nearly the same facts doubled. The simple truth is that Messier was trying to follow the law, and is not guilty of the willful failure to file. Messier cannot corruptly endeavor to violate the law he was trying to follow.

For these reasons, Defendant respectfully requests that the Court strike Count One as it is multiplicitous of Count Two. In the alternative, Defendant respectfully requests that the Court strike Count Two.

C. **EVIDENTIARY ISSUES**

1) *Fifth Amendment*. A decision whether Defendant will waive his Fifth Amendment rights and testify has not been made.

Messier may testify to his beliefs and introduce materials he reviewed, studied, and relied on for the last 20 years. *See Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Powell*, 955 F.2d 1206 (9th Cir. 1992). These materials range from court cases, sections of the Tax Code, and literature written

by numerous individuals who studied the Tax Code, to movies, short films containing interviews from former IRS agents, and various books and pamphlets. These materials will be introduced into evidence to explain how Defendant formed and continued his belief about the Tax Code and his obligations. These materials will be introduced solely to show William Messier's state of mind, not for the truth asserted, and as such do not raise the issue of hearsay. The sincerity of Messier's beliefs is what is on trial; the legality of those beliefs is not. If Messier believes he is following the law he is neither willful nor corrupt.

2) ***Rule 404(b) of the Federal Rules of Evidence***. The Government has advised that it intends to offer evidence of Messier's violation of state income tax laws. Evidence of Defendant's not filing his state returns must be excluded. The State of Maine does not recognize a good faith element to willfulness in the misdemeanor failure to file. The undersigned has no opinion if Messier is guilty or not regarding the state tax returns and it should not be necessary to deal with these in this federal case. This issue, like the issue of the legality of Messier's beliefs about the Tax Code, is not before the jury and should be excluded. *See* Federal Rules of Evidence 403,[1] 404.[2]

---

[1] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

[2] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).

3) ***References by the Government to terrorists and terrorism***.  As stated above, the Government has filed a motion regarding a mental health doctor for the defense.  The defense has agreed to the Government's request for an evaluation of Messier by its expert witness, and the terms of the evaluation.

However, in the Government's Motion in Limine, the Government has cited and attached some troubling sources.  The Government in its Memorandum equates people who believe they are "Sovereigns" (whatever that means) with murderers, anarchists and racists.  It attached to its Memorandum an article describing how a so-called "Sovereign" killed a police officer, and it has cited memoranda from the Southern Poverty Law Center, which has a commendable reputation for fighting racism, and hate groups.

Messier has no history of violence, hate, or racist actions.  He deplores violence and racism.  He is in fact a turn-the-other-cheek Christian who would likely not defend himself against an act of violence if it required him to harm someone.  There is no question that there are people who call themselves Christian, Muslim, Sovereign, or any number of other religions or sects who commit acts of hate in the name of their beliefs.  The vast majority of all of them do not.  The Government has not submitted any evidence directly linking Messier to any of this type of activities.  The Government's efforts in its Memorandum implying that Messier has ever had some involvement in any such activity will be vigorously opposed by motion in limine.

### D.  NUMBER OF PEREMPTORY STRIKES

William Messier is entitled to a jury of his peers.  Messier filed a Motion to Sever his case from co-Defendant Robinson; the Court denied this request.  To ensure Messier has a fair trial with jurors able to judge his case on the merits, the defense should be given four additional peremptory challenges.

Federal Rule of Criminal Procedure 24(b) provides that "each side is entitled to the number of peremptory challenges to prospective jurors specified below.  The court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly."  Fed. R. Crim. P. 24(b).  This is a felony case; the prosecution will receive six peremptory challenges and the defense ten.  *Id.*, R. 24(b)(2).

Messier is charged with seven counts in the Indictment.  Co-Defendant Robinson is charged with only one count.  Messier requests an additional four peremptory challenges for him to exercise separately from the other ten peremptory challenges that he will exercise jointly with Robinson.  In the alternative, Messier requests that the Court allocate to him *eight* of the ten challenges to exercise separately from Robinson, given the disproportionate number of counts on which Messier is indicted as compared to Robinson.  The Court is authorized to so allocate the challenges.  Fed. R. Crim. P. 24(b) ("The court … may allow the defendants to exercise those challenges separately or jointly….").  *See United States v. Farmer*, 924 F.2d 647 (7th Cir. 1991) (district

court does not abuse its discretion by apportioning peremptory challenges among co-defendants and requiring that they be exercised separately per defendant).

### E.  THE DEFENSE THEORY

Messier does not believe he is required to file tax returns.  His strongly held beliefs are not subject to rational analysis but are delusional.  He also has a strong faith-based desire to follow the law, which prohibits him from intentionally violating the law.  For nearly 20 years he has been obsessed with figuring this out.  Messier has always worked diligently and enthusiastically to follow the law.  His defense is that he has not acted willfully or corruptly, but had a good-faith belief that he was following the law.  *See Cheek v. United States*, 498 U.S. 192 (1991); *United States v. Allen*, 670 F.3d 12, 15-16 (1st Cir. 2012).

Defense counsel will not contest the fact that tax returns were due and were not filed.  Defense counsel will not contest the fact that Messier's failed civil actions were doomed to fail.

Messier's delusion has cost him a fortune.  The amount of money the Government has seized is far more than what Messier would have paid had he filed tax returns and paid the taxes owing.  His failed efforts to defeat the governmental liens have cost him substantially.  It has also cost him business revenues as his customers have abandoned him.

F.  **STIPULATIONS**

The defense anticipates stipulating to the authenticity of banking records and certain filings with the IRS.  This has been discussed with AUSA James Chapman.

G.  **JURY INSTRUCTIONS**

The First Circuit Pattern Jury Instructions do an excellent job of covering the tax issues involved in this case.  Depending on the Government's submissions, on the Court's decisions regarding which instructions to use, and whether unforeseen circumstances arise, the defense requests the opportunity to offer additional instructions.  Additionally, the defense may wish to offer additional instructions based on the newly evolving corrupt endeavor theories, which are currently being tested in other circuits.

Respectfully submitted on February 23, 2015.

/s/Michael Louis Minns
***Michael Louis Minns***
Ashley Blair Arnett
MICHAEL LOUIS MINNS, P.L.C.
9119 S. Gessner, Suite One
Houston, TX  77074
Tel.: (713) 777-0772
Fax: (713) 777-0453
Email: mike@minnslaw.com
            ashley@minnslaw.com

William D. Maselli
98 Washington Avenue
Portland, ME  04101

        Tel.: (207) 780-8400
        Fax: (207) 879-2619
        Email:  maselli@securespeed.net

        Attorneys for Defendant F. William Messier

## CERTIFICATE OF SERVICE

On February 23, 2015 I, Ashley Blair Arnett, attorney for the Defendant F. William Messier, filed this Trial Brief with the United States District Court District of Maine electronic filing system.  Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon the parties upon its submission to the Court.

        */s/ Ashley Blair Arnett*
        Ashley Blair Arnett
        Attorney for Defendant F. William Messier