## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **Criminal No.  2:14-CR 00083 (DBH)** |
| **v.** | ) | |
| | ) | |
| **F. WILLIAM MESSIER  and** | ) | |
| **DAVID EVERETT ROBINSON** | ) | |

## GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through its attorneys, Thomas E. Delahanty II, United States Attorney for the District of Maine, James W. Chapman, Jr., Assistant United States Attorney, and Karen E. Kelly, U.S. Department of Justice, hereby submit this trial brief to apprise the court of any legal and evidentiary issues that may arise during trial.

### I.    CASE STATUS

A federal grand jury in the District of Maine returned a seven count indictment, which was unsealed on August 27, 2014.   The indictment charges F. William Messier ("Messier") and David Everett Robinson  ("Robinson") with one count of conspiracy to impede and impair the IRS in the ascertainment, computation, assessment, and collection of the revenue in the form of the outstanding federal income taxes of Messier in violation of 18 U.S.C. § 371.  The indictment also charged Messier with corruptly endeavoring to impede and impair the due administration of the internal revenue laws violation of 26 U.S.C. §7212(a) , and five counts of willful failure to file income tax returns, in violation of 26 U.S.C. §7203 for 2008 through 2012.

Jury selection is set for March 2, 2015.  A hearing on the Government's motion in limine to exclude Messier's expert witness testimony is scheduled for March 18, 2015.  Trial is presently scheduled to commence on March 30, 2015.

## II.        STATEMENT OF THE CASE

F. William Messier, a resident of Brunswick, Maine, has not filed a federal income tax return for several years.  He has been a long time resident of Brunswick, Maine, although he lived in Arizona for a brief period of time after he sold a small business in approximately 1989. By 2004 the Messier had moved back to Maine and was living in a home he built on Oak Hill in Brunswick.  He also erected several communication towers on his property, or leased land to companies that wanted to build their own towers.  Messier then collected rent payments from these tower customers, who included several cell phone companies, municipal governments, radio stations and various other companies that used his towers for two-way radio communications.  Messier wrote a letter to his daughter in 2004 stating he earned nearly $100,000 in annual rent from these tower customers and that he had substantial assets, including land, equipment, and a large sum of cash that he stored in a safe in his home.

In 2006 and 2007, IRS agents assessed Messier with unpaid taxes, interest and penalties for the tax years 2000 to 2004.  The case was opened in Arizona because that was Messier's last known address on file with the IRS.  However, after agents determined that Messier moved back to Maine, his case was transferred to Maine.  In 2012, an IRS revenue agent attempted to set up a meeting with Messier in South Portland.  Additionally, an IRS revenue officer attempted to determine whether Messier had sources of income that could be levied.  When Messier did not respond, the IRS sent notices of intent to levy to Messier and then sent notices of levy to Messier's tower customers.

After learning that the IRS was attempting to collect from his tower customers, Messier suddenly became very vocal and active and took several actions in an attempt to prevent the IRS from collecting his unpaid taxes.  He issued letters to his customers urging them to stop sending

Forms 1099 to the IRS, he sent his customers various documents claiming that he was tax

exempt, and he told his customers to ignore the IRS's notices of levy.  He also started cashing his

rent checks rather than depositing them into his bank accounts.

At the same time, Messier joined forces with David E. Robinson, also a resident of

Brunswick, who was active with various anti-tax and sovereign citizen groups.  Together they

conspired to impede and impair the IRS in the collection of the unpaid taxes owed by Robinson.

Among other acts committed in furtherance of this conspiracy, the defendants:

- produced and mailed to the IRS a bogus "money order" which purported to pay in full the outstanding balance of $172,094.42 that Messier owed the IRS;
- sent correspondence to Messier's customers in an attempt to persuade them to ignore the IRS levies;
- sent copies of bogus money orders to Messier's customers, claiming that the taxes owed by Messier had been paid;
- presented a bogus $100,000 "money order" to a local sheriff with a request that he use the funds to initiate a criminal investigation of the IRS;  and
- filed frivolous law suits against the IRS, customers who cooperated with the IRS, and the IRS employees assigned to Messier's case.

The evidence will further show that during tax years 2008 through 2012, Messier

received gross income from his tower customers that totaled more than $390,000.  However,

Messier paid no federal income taxes and he failed to file any federal income tax returns for

those years.

### III.   LEGAL ISSUES.

#### A.     Count One – Elements of the Offense.

Count One of the indictment charges Messier with violating the "omnibus" clause of

§7212(a) which prohibits any act that corruptly obstructs or impedes, or endeavors to obstruct or

impede, the due administration of the Internal Revenue Code.  The omnibus clause is aimed at

prohibiting efforts to impede "the collection of one's taxes, the taxes of another, or the auditing

of one's or anther's tax records."  *United States v. Reeves*, 752 F.2d 995, 998 (5th Cir. 1985).

Section 7212(a) applies broadly to a variety of conduct used to attempt to prevent the IRS from carrying out its lawful functions and to avoid the proper assessment and payment of taxes. *United States v. Mubayyid*, 658 F.3d 358 (1st Cir. 2011).

Tax administration encompasses a "vast range of activities" including "mailing out internal revenue forms; answering taxpayer's inquiries; receiving, processing, recording and maintaining tax returns, payments and other taxpayer submissions; as well as monitoring taxpayer's compliance with their obligations." *United States v. Bowman*, 173 F.3d 595, 600 (6th Cir. 1999).

To prove a violation of the omnibus clause, the Government must prove that the defendant in any way (1) corruptly (2) endeavored (3) to obstruct or impede the due administration of the Internal Revenue Code.  26 U.S.C. §7212(a).  To act "corruptly" in the context of §7212(a) means to act with the intent to secure an unlawful advantage or benefit either for oneself or another.  The acts themselves need not be illegal, as long as the defendant commits them to secure an unlawful benefit for him or for others.  *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997); *United States v. Mitchell*, 985 F.2d 1275, 1278 (4th Cir. 1993).  The means by which a defendant can "endeavor" to impede the due administration of the internal revenue laws are unlimited.  The most common way to endeavor to impede is to take direct action against officials involved in tax enforcement, including through the use of fake financial instruments to pay taxes.  Corrupt endeavors also include the filing of false complaints against IRS agents agents (*see United States v. Martin*, 747 F.2d 1404, 1410-11 (11th Cir. 1984)) and making statements—whether threats or not—designed to persuade witnesses not to talk to the IRS employees or cooperate with an IRS investigation (s*ee United States v. Valenti*, 121 F.3d 327, 331-32 (7th Cir. 1997)).

### B.    Count Two – Elements of the Offense.

Count Two of the indictment charges both defendants with conspiracy to defraud the United States by impairing and impeding the lawful governmental functions of the IRS regarding the ascertainment, computation and collection of  Messier's income taxes, in violation of 18 U.S.C. §371.  Conspiracies to defraud the IRS, such as this one, are commonly known as *Klein*-type conspiracies.  *See e.g., United States v. Klein*, 247 F.2d 908, 915 (2d Cir. 1957).

The elements of the offense are: (1) An agreement by two or more persons to defraud the United States;  (2) defendant's knowing and voluntary participation in the agreement; and (3) an overt act by one of the conspirators in furtherance of the agreement.[1]

The defraud clause of Section 371 is very broad and encompasses a vast array of conduct. *United States v. Goldberg*, 105 F.3d 770, 773 (1st Cir. 1997) ("conspiracies to defraud [under Section 371] are not limited to those aiming to deprive the government of money or property, but include conspiracy to interfere with government functions.")   The Government does not need to show that the scheme to defraud was a success or that the government suffered harm.  *United States v. Rosengarten*, 857 F.2d 76, 79 (2d Cir. 1988); *United States v. Everett*, 692 F.2d 596, 599 (9th Cir. 1982).  Moreover, the Government is not required to show that the "fraud" was a crime on its own.  *United States v Jerkins*, 871 F.2d 598, 603 (6th Cir. 1989).  In a *Klein* conspiracy, there is no requirement that the elements of an underlying offense be proven (e.g. tax evasion).  Rather, the evidence must demonstrate that the members of the conspiracy agreed to interfere with, or obstruct one of the government's lawful functions "by deceit, craft or trickery,

---

[1] See Pattern Criminal Jury Instructions for the District Courts of the First Circuit 4.03 (1998), *accord United States v. Hurley*, 957 F.2d 1,4 (1st Cir. 1992), *see United States v. Barker Steel Co., Inc*., 985 F.2d 1123, 1127-28 (1st Cir. 1993).

or at least by means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924*); see United States v. Hurley*, 957 F.2d 1, 4-5 (1st Cir. 1992).

The case law is clear that to prove a *Klein* conspiracy, the Government does not need to prove that defendants' knew that their conduct was illegal. Rather, the proof must establish simply that the defendants intended to defraud the United States. *United States v. Khalife*, 106 F.3d 1300 (6th Cir. 1997). *See also United States v. Collins*, 78 F.3d 1021, 1038 (6th Cir. 1996) ("the intent element of Section 371 does not require the Government to prove that the conspirators were aware of the criminality of their objective").

An agreement is the essence of a conspiracy. *United States v. Falcone*, 311 U.S. 205, 210 (1940). Rarely can an agreement be proven by direct evidence. Instead, an agreement is inferred from the circumstances shown in each case. *United States v. Peters*, 732 F.2d 1004,1006 (1st Cir. 1984); *Ianelli v. United States*, 420 U.S. 770, 777 (1977). The agreement is usually in the form of a tacit, mutual understanding to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *American Tobacco Company v. United States*, 328 U.S. 781, 809-10 (1946). The Government establishes the existence of an agreement when it shows that the defendant and at least one other person reached an agreement or understanding to carry out the object of the conspiracy. *See United States v. Giry*, 818 F.2d 120, 125 (1st Cir.), *cert. denied*, 484 US 855 (1987).

In this case, the existence of an agreement is demonstrated by the concert of action between Messier and Robinson. The evidence demonstrates that the two worked in tandem to defraud the IRS. *See Carbo v. United States,* 314 F.2d 718, 733 (9th Cir. 1963), *cert. denied*, 377 U.S. 953 (1964) (existence of an agreement shown by "concert of action" where the parties knowingly work together with a single design for the accomplishment of a common purpose, and

-6-

may be inferred from "active and joint" participation in the overt acts.)  The unspoken agreement between Messier and Robinson is demonstrated by the correspondence and documents that the two generated and disseminated to the IRS and to Messier's tower customers.  Many of these documents sent were authored and co- signed by Robinson.

The Government must establish that the defendants knew of the conspiracy and intended to join it for the purpose of accomplishing the object of the conspiracy.  However, a defendant may be a member of a conspiracy and not know all of the details of the scheme.  *Blumenthal v. United States*, 332 U.S. 539, 557 (1947).  Indeed, one can agree to play a minor role in the conspiracy, or have a "slight connection" to the conspiracy, but so long as the defendant understood the essential nature of the scheme and intentionally joined it, that defendant is a member of the conspiracy. *United States v. Lopez*, 443 F.3d 1026, 1030 (8th Cir. 2006)(en banc*); United States v. Andrews*, 953 F.2d 1312, 1318 (11th Cir. 1992);  *United States v. Strickland,* 245 F.3d 368, 385 (4th Cir. 2001) (showing a "slight connection" to the conspiracy suffices to prove that a defendant was a member, as long as that connection is proven beyond a reasonable doubt).

The Government must establish that one co-conspirator committed at least one overt act in furtherance of the agreement. The purpose of the overt act requirement is to show the conspiracy at work. *Yates v. United States*, 354 U.S. 298, 334 (1957).  The overt act does not need to be an illegal or criminal act, as long as it is an act in furtherance of the conspiracy. *Yates*, 354 U.S. at 334; *Braverman v. United States*, 317 U.S. 49, 53-54 (1942).   And the conspiracy does not need to be successful to constitute a crime -- instead it is the overt acts and intent to impede that defines a *Klein* conspiracy.  *United States v. Olgin*, 745 F.2d 263, 273 (3d Cir. 1984).

### C.        Counts Three through Seven – Elements of the Offense.

Counts Three  through Seven of the indictment charge Messier with willful failure to file

income tax returns in violation of 26 U.S.C.§ 7203.  The essential elements of this crime are: (1)

defendant was required to file a return; (2) defendant failed to file at the time required by law;

and (3) the failure to file was willful.  *United States v. McKee*, 506 F.3d 225, 244 (3d Cir. 2007).

The Internal Revenue Code and its regulations require an individual to file a tax return if

the amount of gross income earned by that individual exceeds a certain amount.  *See United*

*States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) (the assertion that the filing of an income

tax return is "voluntary" is frivolous because 26 U.S.C. § 6012(a)(1)(A) requires that every

individual who earns a threshold level of income must file a tax return).  To meet its burden, the

Government need prove only that a person's gross income meets the statutory threshold. *United*

*States v. Bell*, 734 F.2d 1315, 1316 (8th Cir. 1984).  The crime of failing to file a return is

complete on the date the return was due and not filed.  There is no requirement that the

Government prove a tax liability.  *United States v. Wade*, 585 F.2d 573, 574 (5th Cir. 1978).

Willfulness is defined as an intentional violation of a known legal duty.  *Cheek v. United*

*States*, 498 U.S. 192, 201 (1991); s*ee also United States v. Anthony, 545 F.2d 60, 65 (1ˢᵗ Cir.*

*2008); United States v. Aitken*, 755F.2d 188 (1st Cir. 1985).  The motive or reason that the

taxpayer intentionally violated a known duty is irrelevant.  *See United States v. Dillon*, 566 F.2d

702, 703-04 (10th Cir. 1977) (rejecting argument that defendant should have been permitted to

testify that his failure to file a return was an attempt to test constitutionality of income tax laws,

because reason for violating known legal duty irrelevant).  *United States v. McCorkle*, 511 F.2d

482, 485-88 (7th Cir. 1975) (en banc).  Although willfulness is a subjective state of mind, an

alleged belief that the tax laws are unconstitutional also does not negate willfulness.  *See, e.g.,*

*United States v. Bonneau*, 970 F.2d 929, 932-33 (1st Cir. 1992); *United States v. Turano,* 802 F.2d 10, 11-12 (1st Cir. 1986).

Direct proof of a defendant's state of mind is rarely available, thus willfulness typically is established by circumstantial evidence. *See United States v. Bussey*, 942 F.2d 1241, 1248 (8th Cir. 1991).  Circumstantial evidence of willfulness in this case includes the defendant's education and experience, his prior history of filing returns and paying taxes, his multi-year pattern of noncompliance, evidence that the defendant was informed that his tax defier arguments were frivolous, evidence of the defendant's attitude towards the IRS and the payment of taxes, the use of nominees, the extensive use of cash, and the other evidence of concealment of assets and income.

The general education and experience of the defendant is relevant to the defendant's ability to form intent.  *United States v. Smith*, 890 F.2d 711, 715 (5th Cir. 1989); *United States v. Segal,* 867 F.2d 1173, 1179 (8th Cir. 1989).  In this case, the Government will establish that Messier was a successful businessman who earned substantial income by leasing tower space and other equipment on his property.

Evidence that Messier previously filed federal income tax returns and paid federal income taxes until 1997 is relevant to the issue of willfulness.  *See Anthony*, 545 F.3d at 66 (evidence of willfulness includes the fact that the defendant previously paid taxes); *United States v. Middleton*, 246 F.3d 825, 836-37 (6th Cir. 2001)(prior history of filing and paying taxes relevant to willfulness); *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992); *United States v. Fingado*, 934 F.2d 1163, 1168 (10th Cir. 1991).

In addition, a pattern of non-compliance with the tax laws, as distinguished from an isolated instance, provides particularly strong support for the inference of willfulness.  *See*

*United States v. Schaefer,* 4 F.3d 679, 681 (8th Cir. 1993) (defendant failed to report all income

for 1986 and 1987); *United States v. Barnett,* 945 F.2d 1296, 1299 (5th Cir. 1991) (jury may

consider pattern of non-filing as evidence of willfulness); *United States v. Adcock,* 558 F.2d

397, 402 (8th Cir. 1977) (willfulness may be established by a consistent pattern of not reporting

income); *United States v. Marabelles*, 724 F.2d 1374, 1379 (9th Cir. 1984).  Willfulness may be

inferred from a pattern of failing to file for consecutive years in which returns should have been

filed.  *United States v. Greenlee*, 517 F.2d 899,903 (3d Cir. 1975).  This may include years prior

or subsequent to the prosecution period.  *United States v. Upton*, 799 F.2d 432, 433 (8th Cir.

1986).

Evidence that the IRS informed Messier that his tax defier arguments were frivolous, and

that this Court dismissed a lawsuit that the defendants filed against the IRS, all show that the

defendant knew of his obligation to comply with the tax laws.  In U.S. Magistrate Judge

Kravchuk's recommended decision to dismiss the defendant's law suit against the IRS, she

characterized the defendant's arguments as "well-worn taxpayer protest arguments . . .

considered and uniformly rejected by courts for years."  *See Messier et al. v. IRS,* 2:12-cv-320-

DBH, docket item 95.

In addition, evidence of Messier's attitude of contempt and hostility towards the payment

of taxes in general, and specifically towards the IRS, is in itself evidence of intent.  *United States

v. Hogan*, 861 F.2d 312, 316 (1st Cir. 1988); *Baker v. United States*, 401 F.2d 958, 975

(D.C.Cir. 1968); *United States v. Upton*, 799 F.2d 432, 434 (8th Cir. 1986) (submission of tax

protest literature to the government is probative of willfulness. ) *see United States v. Turano*, 802

F.2d 10,12 (1st Cir. 1986) ( evidence of a personal philosophy and activity as a tax protestor is

relevant and material to the question of intent.); *United States v. Upton*, 799 F.2d 432, 434 (8th

Cir. 1986) (submission to government of literature protesting tax laws probative of willfulness); *United States v. Grumka*, 728 F.2d 794, 797 (6th Cir. 1984);  *United States v. Farber*, 630 F.2d 569, 571-72 (8th Cir. 1980).

Other evidence of willfulness includes evidence that Messier attempted to place his assets in the name of a "trust" in an effort to place the assets beyond the reach of the IRS is evidence of willfulness. *United States v. Woodner*, 317 F.2d 649, 651 (2d Cir. 1963).   Similarly, evidence that Messier made extensive use of cash by negotiating his check payments received from customers to cash, instead of depositing the checks into his bank accounts, is evidence of willfulness. *United States v. White*, 417 F.2d 89, 92 (2d Cir. 1969).

Finally, evidence that Messier conducted his business affairs in a manner to conceal his assets and income from the IRS is relevant to willfulness. *See Spies v. United States,* 317 U.S. 492, 499 (1943).  Here, the evidence will show that Messier provided clients with false or altered documents such as False W-9 forms, and bogus "money orders" in an attempt to prevent his customers from reporting Messier's income to the IRS or complying with the notices of levy.

### D.      Good Faith Misunderstanding of the Law.

The Government expects that Messier will argue that he did not "willfully" fail to file tax returns because he had a good faith misunderstanding of the requirements of the law.  As stated above, for the purposes of Section 7203 offenses, "willfulness" has been as the intentional violation of a known legal duty.  *See Cheek,* 498 U.S. at 200-201;  *Anthony, 545 F.3d at 65; United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994).  A defendant's good faith belief does not have to be objectively reasonable.  *Cheek*, 498 U.S. at 202-203.  In applying a subjective standard, a jury may consider reasonableness of the defendant's asserted beliefs in determining whether the belief was honestly or genuinely held.  *Id.* at 202-204.

-11-

The Supreme Court, however, recognized that a disagreement with the law is not good faith. *Id.* at 202, n.8.   Furthermore, claims that the tax code is unconstitutional do not constitute a good faith misunderstanding of the law. *Id.* at 203.   Such claims "do not arise from innocent mistakes caused by the complexity of the Internal Revenue Code" but "reveal full knowledge of the provisions at issue and a studied conclusion." *Id.* at 205.   Accordingly, a "defendant's views about the validity of the tax statutes are irrelevant to the issue of willfulness and need not be heard by the jury, and, if they are, an instruction to disregard them would be proper." *Id.* at 206.

### E.   Willful Blindness.

If  Messier argues that he had a good faith misunderstanding of the requirement to file a federal income tax return, the Government expects to show that the defendant deliberately avoided acquiring knowledge of the filing requirements.   From that evidence, the jury may infer that  the defendant in question actually knew the law and was merely trying to avoid giving the appearance (and incurring the consequences) of knowledge.   *See* Anthony, 545 F.3d at 64-66; *United States v. Alston- Graves*, 435 F.3d 331, 337 (D.C. Cir. 2006).   Because willfulness requires a voluntary and intentional violation of a known legal duty, a defendant's genuine ignorance of the law is not a defense where the evidence proves that defendant purposefully sought to avoid knowledge by "consciously avoiding any opportunity to learn what the tax consequences [of his conduct] were." *United States v. Bussey,* 942 F.2d 1241, 1248 (8th Cir. 1992); *United States v. Mapelli*, 971 F.2d 284, 286 (9th Cir. 1992).   *See also United States v. Griffin*, 524 F.3d 71, 78 (1st Cir. 2008); *United States v. Epstein,* 426 F.2d 431, 438 (1st Cir. 2005).

### IV.   EVIDENTIARY ISSUES.

### A.   Internal Revenue Service Documents.

The Government expects to offer into evidence documents from an Internal Revenue Service Center with respect to the Messier.  These documents will include certified transcripts of account, which are self-authenticating and admissible pursuant to Fed. R. Evid. 803(6) and 902(4), Certificates of Lack of Records, which are admissible under Fed. R. Evid. 803(10), and Certificates of Assessment and Payments and various correspondence, which are admissible pursuant to Fed. R. Evid. 803(8) and 1005.  *See Moore v. United States*, 254 F.2d 213, 216 (5th Cir. 1958); *Holland v. United States,* 209 F.2d 516, 520 (10th Cir. 1954).

The Government also expects that an IRS representative will also testify that Messier received various notices from the IRS concerning his failure to file tax returns and failure to pay taxes, and that the IRS responded to correspondence received from Messier that tax denier arguments he was advocating had been previously ruled as "frivolous" by the courts.

### B.       Business Records and Certificates of Authenticity.

The Government previously provided notice to the defendants of its intention to offer business records from Messier's tower customers into evidence with certificates of authenticity from qualified records custodians, pursuant to Fed. R. Evid. 803(6) and 902(11).  The Government has provided counsel with copies of the exhibits and the accompanying certificates of authenticity.  As of this date, neither defendant has indicated that they have any reason or basis to challenge these certificates.

### C.       Rule 404(b) Evidence.

The law is well settled that prior and subsequent acts, whether they portray criminality or not, when substantially similar to the subject matter forming the basis of the indictment, are probative to negate the inference that the crucial conduct was unintentional, innocent, inadvertent or the product of mistake.  *United States v. Alker*, 260 F.2d 135, 157 (3d Cir. 1958), *United*

*States v. Grumka,* 728 F.2d 794, 797 (6th Cir. 1984); *United States v. Lutrell*, 612 F.2d 396 (8th

Cir. 1980); *United States v. Farris*, 517 F.2d 226, 229 at n.3 (7th Cir.1975).   In this case, there is

evidence that at the same time Messier was ignoring his legal obligation to file federal income

tax returns, he was also failing to file or pay state income taxes.  The Government previously

notified counsel for Messier of its intention to use this evidence pursuant to Rule 404(b).  This

evidence will a letter, dated May 20, 2014, that Messier sent a letter to Maine Revenue Services

in response to that agency's request that Messier come into compliance with the state income tax

laws.  Messier's letter contained many of the same arguments that were rejected by this court

when his civil law suit against the IRS was dismissed.  *See Messier et al. v. IRS,* 2:12-cv-320-

DBH, docket item 95.  The defendant's filing history with the state and the frivolous

correspondence that Messier sent to the Maine Revenue Services are admissible and relevant

evidence to prove willfulness and lack of mistake.

### D.    Admissibility of Defendants' Tax Protester Materials.

The significant evidentiary issue for the Court will be the extent to which, if any, the

Court permits Messier or Robinson to introduce into evidence documents, books and other

materials that contain incorrect statements of law or commentary on the law.  To be clear, the

United States does not object to Messier's testimony about reliance on particular materials

provided proper foundation is established.  This requires foundation that the defendant actually

relied upon the particular material during, or prior to, the alleged commission of the crime.

*United States v. Marston*, 517 F.3rd 996, 1003 (8th Cir. 2008); *United States v. Harris*, 942 F.2d

1125, 1132, n.6 (7th Cir. 1991).

But admitting these materials into evidence is an altogether different matter.  *See, e.g.*

*United States v. Gustafson*, 528 F.3d 587, 592 (8th Cir. 2008) (upholding, in tax case, exclusion

of legal documents and purported legal opinions that the defendant said he relied upon on grounds that materials would be confusing and invade the province of the Court to instruct the jury on the law); *United States v. Simkanin*, 420 F.3d 397, 412 (5th Cir. 2005)("[T]he district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law. . .")  Many courts have struck a reasonable balance in permitting the defendant to quote portions of third party materials if such materials are relevant to the defendant's willfulness and if proper foundation is established.  *See Gaumer*, 972 F.2d 723, 724-25 (6th Cir. 1992).  However, it is not necessary for the Court to allow publication of "legal authorities" to the jury or offer them into evidence to rebut the Government's evidence that he was willful.  *See Simkanin*, 420 F.3d at 412; *Gaumer,* 972 F.2d at 725 (opining that trial court need not physically admit hundreds of pages of tax protest documents).

Robinson, however, is not charged with any offense under the tax code. He is only charged with conspiracy to defraud the United States by impeding and impairing the IRS.  The Government does not have to show that he understood the requirements of the tax code and intentionally violated those requirements.  As stated above, the Government need only show that he entered into an agreement to defraud the United States with the requisite intent. Therefore, should Robinson testify and attempt to offer tax protester materials into evidence in an effort to establish that the tax code does not apply to Messier or that the IRS is not authorized to collect taxes owed by Messier, the Court should not allow these materials into evidence because he does not have a good faith belief defense.

Finally, to the extent this Court admits any extrinsic evidence of this nature, such evidence should be admitted solely as to the defendant's state of mind and should be disregarded as a statement of law since it is an incorrect statement of law.  *See, e.g. United States v. Ratfield*,

-15-

2009 WL 2502105 at *4-5 (11th Cir. 2009) (unpublished).  In such an instance, an appropriate limiting instruction about the actual law would be appropriate.

**E.      Summary Witness and Summary Charts.**

To assist the jury in the examination of the evidence that will be introduced to prove the charges in the indictment, the Government will introduce summary charts and schedules, and the testimony of a summary witness.  The summary witness will testify as to summaries of income payments to Messier.  She will also testify as to the tax consequence of the income.  She will testify further regarding the calculation of defendants gross receipts during the prosecution years, and the tax consequences.  It is well established that testimony of an IRS witness "which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence." *Windfelder,* 790 F.2d at 581; see also *United States v. Townsend,* 31 F.3d 262, 270 (5th Cir. 1994); *United States v. Shyres*, 898 F.2d 647, 656 (8th Cir. 1990); *United States v. West*, 58 F.3d 133, 135 (5th Cir. 1995). Summary schedules, charts, and correlating testimony are all permissible, and recommended, where, as here, the underlying records relied upon are voluminous and cannot conveniently be examined by the court, and the summaries and opinion of an expert in tax computation can be helpful to the trier of fact.  *See* Fed. R. Evid. 611, 702 and 1006.

Moreover, the Government will request that the summary witness not be excluding during trial because her presence is essential to the presentation of the Government's case.  Fed. R. Evid. 615.  As a summary witness she will summarize the evidence presented during trial. For example, to prove that Messier was required to file returns during the prosecution years, she will summarize income sources. The testimony will rely upon evidence introduced at trial, and records admitted pursuant to Federal Rule of Evidence 902(11).  The defendants will receive

copies of these summaries prior to trial.  The defendants are also in possession of the underlying

documents supporting the summaries.

**V.      CONCLUSION**

The foregoing is a summary of the legal and evidentiary issues likely to arise at trial.  The

Government respectfully requests leave to submit further memoranda as necessary to assist the

Court.

Dated:  February 23, 2015, at Portland, Maine.

Respectfully submitted,

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/ James W. Chapman, Jr.
James W. Chapman, Jr.
Assistant United States Attorney
100 Middle Street
Portland, Maine 04101
James.w.chapman@usdoj.gov

/s/ Karen E. Kelly
Karen E. Kelly
U.S. Department of Justice
Assistant Chief, Tax Division
601 D Street NW
Washington, DC 20530
Karen.e.kelly@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, I electronically filed this Government's Trial Brief with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

Michael Louis Minns
Ashley Blair Arnett
Michael Louis Minns, P.L.C.
9119 S. Gessner, Suite One
Houston, TX  77074
mike@minnslaw.com
Ashley@minnslaw.com

Joel Vincent
44 Exchange Street
Portland, Maine 04101
jvincent802@gmail.com

William D. Maselli
98 Washington Avenue
Portland, ME  04101
maselli@securenetspeed.net

Thomas E. Delahanty II
United States Attorney

/s/ James W. Chapman, Jr.
James W. Chapman, Jr.
Assistant United States Attorney