UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA )
                          )
         v.               )       Criminal No. 2;14-CR 00083 (DBH)
                          )
F. WILLIAM MESSIER and    )
DAVID EVERETT ROBINSON    )

## TRIAL BRIEF OF DAVID EVERETT ROBINSON

The defendant, David Robinson, by and through counsel, submits the following information on legal and factual issues anticipated at trial.

### CASE STATUS

Pursuant to a federal Grand Jury indictment, Defendant Robinson was named in Count 2 with conspiracy to defraud the United States by impeding and impairing the IRS in the ascertainment, computation, assessment, and collection of the revenue, that is, the federal income taxes of co-defendant Messier. Defendant Messier is named in all seven counts of the Indictment.

### STATEMENT OF THE CASE

Defendant William Messier is charged with a course of conduct from 2000 through 2014 for the alleged failure to pay any federal income taxes. In February 2012, the Internal Revenue Service issued a Notice of Levy regarding Defendant Messier stating that the IRS intended to begin collect action to collect the outstanding due for the years 2000 through 2004. The Government has detailed Mr. Messier's alleged history in its brief and it will not be repeated herein.

Beginning on or about February, 2012 and continuing through January 12, 2014, it is alleged that David Robinson and William Messier conspired impede and impair the IRS in the collection of the unpaid taxes owed by Messier. (The Brief by the Government incorrectly claims that the taxes were owed by Defendant Robinson.) Among the acts alleged by the Government in furtherance of the claimed conspiracy, the defendants:

- Produced and mailed to the IRS a bogus "money order" which purported to pay in full

- the outstanding balance of $172,094.42 that Messier owed the IRS;
- Sent correspondence to Messier's customers in an attempt to persuade them to ignore the IRS levies;
- Sent copies of bogus money orders to Messier's customers, claiming that the taxes owed by Messier had been paid;
- Presented a bogus $100,000 "money order" to a local sheriff with a request that he use the funds to initiate a criminal investigation of the IRS; and
- Filed a law suits against the IRS, customers who cooperated with the IRS, and the IRS employees assigned to Messier's case.
- 

Defendant Robinson's involvement as to overt acts as alleged in the Indictment was February, 2012 through July, 2012, a total of six months

**LEGAL ISSUES.**

**Count Two – Elements of the Offense.**

Count Two of the Indictment charges the defendants with conspiracy to defraud the United States by, obstructing, impairing and impeding the lawful governmental functions of the IRS regarding the collection of income taxes owed by Defendant Messier.

The elements of the offense are: (1) An intentional and knowing agreement by two or more persons to defraud the United States; (2) defendant's knowing and voluntary participation in the agreement; and (3) an overt act by one of the conspirators in furtherance of the agreement.  As argued by the government,  the evidence must demonstrate that the members of the conspiracy agreed to interfere with, or obstruct one of the government's lawful functions "by deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt v. United States*, 265 U.S. 182, 188 (1924*); see United States v. Hurley*, 957 F.2d 1, 4-5 (1st Cir. 1992).

While the case law makes clear that to prove a the conspiracy, the Government does not need to prove that defendants' knew that their conduct was illegal, the Government must proof that the defendants intended to "defraud" the United States. *United States v. Khalife*, 106 F.3d 1300 (6th Cir. 1997).  The Government assert that the defendant's purpose was to defraud the United States, and that is, of course, the ultimate issue in the Count Two Conspiracy Count.

**EVIDENTIARY ISSUES.**

The Government has assert tat it intends to introduce into evidence documents from an Internal Revenue Service Center with respect to the Messier. These documents will include certified transcripts of account, Certificates of Lack of Records, and Certificates of Assessment and Payments and various correspondence.  The Government expects to bolster that evidence with testimony that Messier received various notices from the IRS concerning his failure to file tax returns and failure to pay taxes, and that the IRS responded to correspondence received from Messier that tax denier arguments he was advocating had been previously ruled as "frivolous" by the courts.   Most,if not all, of this expected testimony may be challenged by Defendant Robinson as not applicable to him in the Count Two Conspiracy Count and, therefore, a limiting instruction is appropriate.

The Defendant Robinson is mindful of the Government's arguments concerning extrinsic evidence that goes to his state of mind and understands that said evidence should be disregarded as a statement of law since it is , in fact, an incorrect statement of law. *See, e.g. United States v. Ratfield*, 2009 WL 2502105 at *4-5 (11th Cir. 2009) (unpublished). In such an instance, the defendant concurs an appropriate limiting instruction about the actual law would be appropriate.

**JURY INSTRUCTION**

Defendant Robinson does not object to the proposed jury instructions by the Government but does request and additional jury instruction on "willfulness" be given as to Court Two – Conspiracy. The Governments proposed Instruction Number 4 speaks only to "willful failure to file income tax returns.  A seperate instruction as to Conspiracy is appropriate.

Dated: February 24, 2015, at Portland, Maine.

>Respectfully submitted,
>
>Joel Vincent
>Attorney for David Everett Robinson
>44 Exchange Street
>Portland, Maine 04101
>jvincent802@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2015, I electronically filed this Trial Brief for David Robinson with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

James W. Chapman, Jr.
Assistant United States Attorney
100 Middle Street
Portland, Maine 04101
James.w.chapman@usdoj.gov

Karen E. Kelly
U.S. Department of Justice
Assistant Chief, Tax Division
601 D Street NW
Washington, DC 20530
Karen.e.kelly@usdoj.gov

Michael Louis Minns
Ashley Blair Arnett
Michael Louis Minns, P.L.C.
9119 S. Gessner, Suite One
Houston, TX 77074
mike@minnslaw.com
Ashley@minnslaw.com

William D. Maselli
98 Washington Avenue
Portland, ME 04101
maselli@securenetspeed.net