# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA )

                            )

           v.            )        Criminal No. 2;14-CR 00083 (DBH)

                            )

F. WILLIAM MESSIER and    )

DAVID EVERETT ROBINSON    )

## DAVID EVERETT ROBINSON
## RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

David Robinson has been charged with a single Count of Conspiracy to Defraud the United States in concert with William Messier and others known and unknown. (no one else has been identified by the discovery provided.)  Title 18 U.S.C. § 371 states:

> If two or more persons conspire either to commit any offense against the United States ("offense" clause) or to defraud the United States, or any agency thereof in any manner or for any purpose ("defraud" clause), and one or more such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

The Government seeks in its Motion in Limine to limit the defendant's presentation of evidence either during his cross examination of the Government's witnesses, during presentation of his witnesses or during his potential direct examination.     Mr. Robinson does not intend to present or elicit evidence concerning his beliefs for the truth of the matter asserted.  He does, however, expect to provide evidence concerning the issue of his "state of mind"  as this issue evolves during the Government's case-in-chief. The defendant argues that it is premature for limits to be sought on evidence prior to trial.

Defendant David E. Robinson provided the Government with books and documents he drafted and filed in his civil cases against the IRS.   Again, the Government seeks to limit the documents and books prior to the context of the trial.

The Government is concerned that the defense will disclose to the jury that the defendants face potential criminal penalties in this case.  The defendant argues that the jury needs to understand that this is not a civil case.  Defendant agrees that it inappropriate to suggest to the jury what particular sentence may be imposed.

The defendant does not intend to argue that this criminal prosecution is a waste of taxpayers dollars, but he may argue that the prosecution is without merit.

The Government asserts that it is improper to tell the jury that Messier will be required to pay any delinquent taxes.  In the context of the Conspiracy Count it may be appropriate to discuss Mr. Messier's payments of taxes through Government levies as it pertains to Mr. Robinson's state of mind.

The Government states it expects to question witnesses in its case-in-chief about certain statements made by the defendants.  They claim that the Defendants' out-of-court statement offered by the Government are not hearsay under Fed. R. Evid. 801(d)(2) because it is being offered by a party-opponent.  The defendant will object to any statements that are not ruled made during and in furtherance of the claimed conspiracy on hearsay and confrontation grounds.

The defendant may offer his own out-of-court statements and the statements of others if those statements go to his state-of-mind or a foundation can be established for admissibility for the truth-of-the-asserted.

The Government asserts that witnesses will testify about the defendants' statements with regard to their unconventional views about the federal government, banks, the IRS or federal income taxes.  The Government wishes to suppress those witnesses "opinion" as to the speaker's mental health.  The defendant does not intend to elicit an "expert" opinion for these witnesses.  The defendant argues, however, that it would be appropriate to elicit a lay opinion on the the speaker's observations on issues such as demeanor and manner of presentation,

Finally, The Government asserts that Defendant Robinson's knowledge or misunderstanding of the Internal Revenue Code is irrelevant to the jury's determination of whether he and Messier agreed to impede or obstruct the IRS.  The Conspiracy, however must be to "defraud" the IRS.  In *United States v. Khalife,* 106 F.3d 1300, 1303 (6th Circuit 1997) the Court stated citing Collins, the . . . better argument, which is also in harmony with that court's holding in *United States v. Collins,* 78 **F.3d** 1021 (6th Cir.1996).  In *Collins,* that court held as follows in the context of a § 371 conspiracy to defraud the IRS:  "The intent element of § 371 does not require the government to prove that the conspirators were aware of the criminality of their

objective, but it does require the government to show that they knew of the liability for federal taxes." *Id.* at 1038 (emphasis added) (citation omitted)  Defendant asserts that their knowledge or misunderstanding of the Internal Revenue Code is certainly relevant to the purposes of their claimed conspiracy.

March 16, 2015                              /s/ Joel Vincent

VINCENT, KANTZ, PITTMAN & THOMPSON, LLC
44 Exchange Street
Portland, Maine 04101
jvincent802@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, I electronically filed  David Robinson's Response to Government's Motion in Limine with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

James W. Chapman, Jr.
Assistant United States Attorney
100 Middle Street
Portland, Maine 04101
James.w.chapman@usdoj.gov

Karen E. Kelly
U.S. Department of Justice
Assistant Chief, Tax Division
601 D Street NW
Washington, DC 20530
Karen.e.kelly@usdoj.gov

 Michael Louis Minns
Ashley Blair Arnett
Michael Louis Minns, P.L.C.
9119 S. Gessner, Suite One
Houston, TX 77074
mike@minnslaw.com
Ashley@minnslaw.com

 William D. Maselli
98 Washington Avenue
Portland, ME 04101
**maselli@securenetspeed.net**