## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA )
                             )
            v.              )         Criminal No. 2;14-CR 00083 (DBH)
                             )
DAVID EVERETT ROBINSON   )

### MOTION IN LIMINE

During oral argument on the Goverment's Motion in Limine, Defendant Robinson, asked the Court to consider the potential application of the Rule of Consistancy, if need be, at his upcoming trial on the single charge of Conspiracy to Defraud the United States. The common law Rule of Consistency prohibited a jury's acquittal of all but one of multiple defendants charged with jointly committing a crime that requires at least two participants. *E.g.Iannelli v. United States,* 420 U.S. 770, 782, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975) (listing conspiracy, adultery, incest, bigamy, and dueling as offenses that require the participation of two people.) The principle was adopted by the courts and its history is well detailed in *Getsy v. Mitchell*, 456 F.3d 575, 598 (6th Cir. 2006), *reh'g en banc granted, opinion vacated. Getsy I,* as its come to be known, found that the rule of consistancy survived the Supreme Court's decision in *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984), which many courts have held overruled the rule of consistency. The Sixth Circuit revisited the issue again in *Getsy v. Mitchell*, 495 F.3d 295, (2007) (*Getsy II*) "where the defendant sought to argue that a broad prohibition against arbitrary and capricious death sentences somehow dictates the further leap to a consistency principle in capital cases." *Getsy II* at 307.   In rejecting the argument, the *Getsy II* Court reversed on the issue of the continued validity of the rule of consistancy, stating:

> . . . the Supreme Court has explicitly rejected the common-law rule of consistency in
> other contexts. *See, e.g., United States v. Powell,* 469 U.S. 57, 58, 105 S.Ct. 471, 83
> 307*307 L.Ed.2d 461 (1984)* (reaffirming the holding in *Dunn v. United States,* 284 U.S.
> 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), that "a criminal defendant convicted by a jury on

one count could not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count"). Nearly all courts to have addressed the issue since *Powell* — including our own — have concluded that the rule of consistency regarding verdicts *even in a single trial* is no longer good law. *See United States v. Crayton,* 357 F.3d 560, 565-66 (6th Cir.2004) (explaining that "the acquittal of all but one co-conspirator during the same trial does not necessarily indicate that the jury found no agreement to act," and collecting cases from eight other circuits).

Moreover, we have long held that the common-law rule of consistency has no application to conflicting verdicts returned by different juries in *separate trials*. *See United States v. Newton,* 389 F.3d 631, 636 (6th Cir.2004) (noting that the rule of consistency "was not applied if coconspirators were separately tried"), *vacated in part on other grounds,* 546 U.S. 803, 126 S.Ct. 280, 163 L.Ed.2d 35 (2005); *United States v. Sachs,* 801 F.2d 839, 845 (6th Cir.1986) ("[I]f coconspirators are tried separately, the acquittal of all other coconspirators does not mandate acquittal as to the remaining conspirator. . . . In other words, it is not necessarily inconsistent for two juries to reach differing results."); *see also Cortis v. Kenney,* 995 F.2d 838, 840 (8th Cir.1993) (same); *United States v. Lewis,* 716 F.2d 16, 22 (D.C.Cir.1983) (same); *United States v. Sangmeister,* 685 F.2d 1124, 1126-27 (9th Cir.1982) (same); *United States v. Espinosa-Cerpa,* 630 F.2d 328, 333 (5th Cir.1980) (same). This well-established precedent squarely precludes the old common-law rule from applying under the circumstances of this case.

There is a spirited dissent in *Getsy II.* The Supreme Court has not ruled on the issue. Mr. Robinson and Mr. Messier are named co-defendants and the Conspiracy Count alleges others "unnamed." A conviction grounded upon one defendant and any proof of an unnamed co-conspirator would be sufficient to overcome the rule of consistancy under current case law. Defendant Robinson does not anticipate evidence of any unnamed co-conspirators. If by chance, defendant Robinson is convicted and the other defendant is found not guilty, absent any evidence of unindicted co-conspirator, counsel would make an appropriate motion seeking to set the conviction aside or to preserve the issue for appellate review.

Dated: March 25, 2015, at Portland, Maine.

Respectfully submitted,     Joel Vincent
                            Attorney for David Everett Robinson
                            44 Exchange Street
                            Portland, Maine 04101
                            jvincent802@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2015, I electronically filed this  Motion in Limine for David

Robinson with the Clerk of Court using the CM/ECF system which will send notifications of such

filing(s) to the following:

James W. Chapman, Jr.
Assistant United States Attorney
100 Middle Street
Portland, Maine 04101
James.w.chapman@usdoj.gov

Karen E. Kelly
U.S. Department of Justice
Assistant Chief, Tax Division
601 D Street NW
Washington, DC 20530
Karen.e.kelly@usdoj.gov

 Michael Louis Minns
Ashley Blair Arnett
Michael Louis Minns, P.L.C.
9119 S. Gessner, Suite One
Houston, TX 77074
mike@minnslaw.com
Ashley@minnslaw.com

William D. Maselli
98 Washington Avenue
Portland, ME 04101
**maselli@securenetspeed.net**