## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| **v.** | ) |
| | ) **Criminal No.  2:14-cr-00083-DBH** |
| **F. WILLIAM MESSIER  and** | ) |
| **DAVID EVERETT ROBINSON** | ) |

### Government's Supplemental Memorandum in Support of the Government's Motion in Limine to Exclude the Testimony of the Defendant's Expert Witness

The United States of America, by and through its attorneys, Thomas E. Delahanty II,

United States Attorney for the District of Maine, James W. Chapman, Jr., Assistant United States

Attorney, and Karen E. Kelly, U.S. Department of Justice, hereby submits this supplemental

memorandum in support of its Motion in Limine to Exclude Defendant Messier's Expert Witness

Testimony (docket item 96).

### Introduction

Defendant intends to offer in its case the testimony of Dr. Voss that Defendant F.

William Messier suffers from a chronic Delusion Disorder of non-bizarre type and the

personality traits of Obsessive Compulsive disorder.  The Court ruled that under FRE 704, Dr.

Voss is prohibited from testifying as to the purported mental state or condition of the defendant

constituting an element of the crime charged, e.g. willfulness, or a defense to the crime charged.

Such ultimate issues are matters for the trier of facts alone. FRE 704.   Defendant stated that he

intended for Dr. Voss to testify as to all of the self- serving statements defendant made to Voss

during their two conversations that Voss relied on to prepare the report for the defense in this

case.  It is appropriate for the expert to rely on hearsay statements in fashioning his expert

opinion; however, it is not appropriate for that inadmissible hearsay to be put before the jury.

12524456.1

The court requested additional briefing as to the extent that the self-serving hearsay is admissible at trial absent the defendant testifying at trial, and what if any, instruction should be provided as to any underlying self- serving statements of the defendant offered through the testimony of Dr. Voss at trial.

## Discussion

Dr. Voss should not be allowed to testify to the hearsay statements defendant told him during their two conversations. Defendant's statements to Dr. Voss are inadmissible hearsay. FRE 703, Bases of an Expert's Opinion Testimony, allows for an expert to express his opinion formed upon inadmissible hearsay, when such data is similarly relied upon by similar experts. However, FRE 703 expressly admonishes against admission of these self- serving statements made by the defendant to the jury. Throughout his report, Dr. Voss parrots verbatim statements that the defendant recited and then essentially says "Messier said he believed that he did not have to pay income taxes and I believe him." FRE 703 rules that before such self- serving hearsay statements of defendant can be heard by the jury, a determination must be made by the court that the "proponent" has demonstrated that "their probative value in helping the jury evaluate the opinion substantially outweigh their prejudicial effect."

Indeed, the Advisory Committee Notes, in their 2000 Amendments recognized the significant danger of allowing the untested hearsay into evidence and directed the court to "consider the information's probative value in assisting the jury to weigh the expert's opinion on the one hand, and the risk of prejudice resulting from the jury's potential misuse of the information for substantive purposes on the other." According to the guidance provided by the Advisory Committee, the court must find that the probative value of the hearsay information in evaluating the expert's opinion substantially outweighs its prejudicial effect before such

12524456.1

information can be disclosed to the jury. Indeed, the Advisory Committee acknowledges that there is limited, in any, effectiveness in a limiting instruction after such information is admitted to the jury.  In determining the appropriate course, the trial court should consider the probable effectiveness or lack of effectiveness of a limiting instruction under the particular circumstances. *Id.*  Allowing this hearsay testimony before the jury is highly prejudicial, and no form of limiting instruction will be capable of containing the damage caused.  Indeed, according to the Advisory Committee Rules, the amendment provides a presumption against disclosure to the jury of information used as the basis of an expert's opinion and not admissible for any substantive purpose, when that information is offered by the proponent of the expert. Under 704, this information is not admissible.  The verbatim statements of defendant as to his various tax beliefs have little probative value beyond that of the expert's opinion itself, but are highly, unfairly prejudicial to the government.[1]  An appellate court "gives 'great deference' to a district court's balancing of probative value versus unfair prejudice." *United States v. Breton*, 740 F.3d 1, 14 (1st Cir. 2014.)   As noted by U.S. District Judge Gertner in *United States v. Skodneck*, 896 F.Supp. 60 (D. Mass July 27, 1995), in limiting the testimony of the self- serving hearsay of defendant to the defense-retained psychiatrist, "nothing in the FRE, the notes of the Advisory Committee, or the case law suggests that a court should abdicate its responsibility as the gatekeeper to the introduction of otherwise inadmissible evidence."   As the Skodneck court noted:  the court's obligation under Rule 403, to exclude evidence that is prejudicial, or that will confuse of mislead the jury cuts across all categories of evidence, including expert evidence.  *Id.*

The statements by defendant to Dr. Voss are not admissible under FRE 803(4) because the statements were not made for purposes of diagnosis and treatment.  This exception to the

---

[1] Of course, the balancing test set forth in FRE 403 is always appropriate in assessing the admissibility of evidence before the jury.

12524456.1

hearsay rule exists because of the assumption that a patient consulting with a doctor for diagnosis and treatment would have a strong motivation to be truthful. FRE 803(4) Advisory Committee Notes, *citing McCormick § 266*, p 563. This rule excludes from hearsay those statements to medical practitioners by out of court declarants on the rationale that it is likely a patient will be truthful with a treating physician in order to promote his well- being. However, in this case, there was no patient doctor relationship, nor was the patient consulting for diagnosis and treatment-- Dr. Voss explained in his report that he was retained to form an "opinion" and that no doctor-patient privilege exists as to Dr. Voss and the defendant. *See* December Report, at page 1. The patient consulted the doctor exclusively for the purpose of rendering an opinion and possible use of the doctor as an expert witness in the defense case. In the report generated by Dr. Voss, there was no treatment proposed, nor was he retained for such a purpose. In such a circumstance, there is no motivation for the hearsay declarant to be truthful, indeed it is quite to the contrary. *See United States v. White Horse*, 316 F.3d 769,775 (8th Cir. 2003)(excluding defendants statements in clinical interview and mental status examination to psychologist as inadmissible hearsay.)

However, this case, where there is no medical relationship, nor medical diagnosis nor treatment involved, the expert witness is testifying merely as a vehicle to introduce defendant's out of court hearsay statements to the jury. As noted by the court, this expert should be permitted to testify as to his opinion and findings, but should not be permitted to parrot defendant's out of court testimony. This is well beyond the intention crafted by the hearsay exceptions, or the FRE 104(a) which dictate that there must be some indicia of reliability of the proposed statements before they can be substantively considered by the jury.

-4-

12524456.1

Government's proposed redactions of the hearsay statements in Dr. Voss' report is filed separately under seal as Exhibit One.

To the extent that these hearsay statements are necessary to explain the basis for the expert's opinion, they should be presented to the jury subject to a limiting instruction admonishing the jury that such evidence is to be considered as the basis for the expert opinon and not as substantive evidence.   *Skodnek*, 896 F.Supp. at 79, *citing Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1983).

<u>Conclusion</u>

For the reasons stated above, the United States respectfully requests that this Court limit the admission of defendant's self- serving statements to Dr. Voss from the jury , and advice the jury that such statements, should they be admitted, should not be considered substantively by the jury.

Dated:  March 26, 2015 at Portland, Maine.

THOMAS E. DELAHANTY II
UNITED STATES ATTORNEY

/s/ James W. Chapman, Jr.
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME  04101
(207) 780-3257
James.W.Chapman@usdoj.gov

/s/ Karen E. Kelly
Karen E. Kelly
U.S. Department of Justice
Tax Division, NCES
601 D Street, N.W.
Washington, D.C. 20530
(202) 514-5150

12524456.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 26, 2015, I electronically filed the Government's Supplemental Memorandum in Support of the Government's Motion in Limine with the Clerk of Court using the CM/ECF system which will send notifications of such filing(s) to the following:

| | |
|---|---|
| Michael Louis Minns. | Joel Vincent |
| Ashley Blair Arnett | 44 Exchange Street |
| Michael Louis Minns, P.L.C. | Portland, Maine 04101 |
| 9119 S. Gessner, Suite One | jvincent802@gmail.com |
| Houston, TX  77074 | |
| mike@minnslaw.com | |
| Ashley@minnslaw.com | |

William D. Maselli
98 Washington Avenue
Portland, ME  04101
maselli@securenetspeed.net


Thomas E. Delahanty II
United States Attorney

/s/ James W. Chapman, Jr.
James W. Chapman, Jr.
Assistant United States Attorney

-6-

12524456.1